NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3021
_____

UNITED STATES OF AMERICA

v.

WILL H. CALLAWAY,

Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-09-cr-00362-001)
District Judge:  Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2012
_____

Before:  SCIRICA, AMBRO and SMITH, Circuit Judges

(Opinion filed April 18, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

Will H. Callaway pled guilty to one count of wire fraud in violation of 18 U.S.C.

§ 1343, for which the District Court sentenced him to a split sentence that consisted of six

months' incarceration, followed by six months' home confinement and three years'

supervised release. Additionally, it ordered restitution of $29,299.89 and imposed a special assessment of $100. Callaway filed a timely notice of appeal. His attorney now moves to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Callaway has not filed a *pro se* brief. We grant the motion and affirm Callaway's sentence.

## I.

Because we write solely for the parties, we recite only those facts necessary to our decision. From November 2007 through January 2009, Callaway, a Georgia resident, applied via internet, telephone, and facsimile for student loans through both Astrive and the Pennsylvania Higher Education Assistance Agency, located in Massachusetts and Pennsylvania, respectively. In doing so, Callaway used his child's Social Security number and represented that his unwitting sister was a cosigner. Some loans were denied, but Astrive approved one loan and disbursed to Callaway $30,000.00, of which $29,299.89 was unpaid at the time of sentencing.

Callaway waived his right to an indictment by grand jury. Instead, the Government issued an information charging him with one count of wire fraud in violation of 18 U.S.C. § 1343. Callaway appeared before the District Court for the Middle District of Pennsylvania and, pursuant to a plea agreement, pled guilty to that charge.

## II.

Our rules provide that "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California* . . . ." 3d Cir.

2

L.A.R. 109.2(a).  If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel."  *Id.*  Accordingly, our inquiry "is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Callaway's attorney identified three potential grounds for direct appeal: (1) the District Court's jurisdiction; (2) the validity of Callaway's guilty plea; and (3) the reasonableness of Callaway's sentence.  Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal.

First, we agree that the District Court had jurisdiction under 18 U.S.C. § 3231.  Pursuant to that section, federal district courts have jurisdiction over all offenses committed against the laws of the United States.  Moreover, § 1343's jurisdictional requirement that the wire fraud offense be committed by means of wire communication in interstate commerce is met here.

Second, we uphold the validity of Callaway's guilty plea.  The District Court conducted an extensive plea colloquy complying with the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969), and Federal Rule of Criminal Procedure 11.  At his plea hearing, Callaway was advised of his rights and the consequences of pleading guilty.  App. 76-79.  The Court reviewed the wire fraud charge, the statutory maximum penalties, and Callaway's waiver of his right to a grand jury indictment.  App. 74-79.  It also complied with the specific colloquy requirements set out in Federal Rule of Criminal Procedure 11(c), advising Callaway of the federal criminal trial rights that he waived by

3

pleading guilty. *Id.* Nonetheless, Callaway's attorney identified two potential issues with the Court's plea colloquy: the colloquy could be viewed as deficient because (1) the Court did not explicitly discuss Mr. Callaway's right to counsel and (2) the colloquy did not discuss the Court's authority to order restitution. In any event, Callaway was already represented. Moreover, the colloquy did not discuss the Court's authority to order restitution, but Callaway expressly agreed to that obligation in his plea agreement.

Finally, we agree that Callaway's sentence is procedurally and substantively reasonable. District courts must follow a three-step process in imposing a sentence: (1) calculate the applicable Guidelines range; (2) formally rule on any departure motions and explain its ruling on such motions; and (3) exercise discretion in applying any relevant factors set forth in 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). The Court adopted the Government's Presentence Investigation Report, which calculated a Total Offense Level of 13 and a Criminal History Category of I, resulting in a sentencing range of 12-18 months' imprisonment. Additionally, the Court heard Callaway's arguments in favor of a probation sentence in light of the following § 3553(a) factors: the questionable health of various family members, including his son; Callaway's stable employment record; and his lack of criminal history. App. 89-91. The Court disagreed that a probation-only sentence was an adequate deterrent given the seriousness of the crime. Instead, it imposed a split sentence, replacing half of the imprisonment term with home confinement. App. 94; U.S.S.G. § 5C1.1(d)(2). Because the Court followed proper sentencing procedures and sentenced Callaway to a term of

4

imprisonment half of the low end of his Guidelines range, we cannot say that Callaway's

split sentence is either procedurally or substantively unreasonable.

\* \* \* \* \*

Callaway's counsel adequately fulfilled the requirements of *Anders*. Because our

independent review of the record fails to reveal any nonfrivolous grounds for direct

appeal, we grant counsel's motion to withdraw and affirm Callaway's sentence.